IN the INTEREST OF AARON D., a Child Under the Age of Eighteen:

STATE of Wisconsin, Petitioner-Appellant,

v.

AARON D., Respondent-Respondent.

Court of Appeals

*No. 97–0806–FT. Submitted on briefs August 20, 1997.—Decided October 1, 1997.*

(Also reported in 571 N.W.2d 399.)

On behalf of the petitioner-appellant, the cause was submitted on the briefs of *Randall Schneider*, assistant district attorney and *James E. Doyle*, attorney general, and *James H. McDermott*, assistant attorney general.

On behalf of the respondent-respondent, the cause was submitted on the briefs of *Brian C. Findley*, deputy first assistant state public defender.

Before Snyder, P.J., Brown and Anderson, JJ.

ANDERSON, J.   The State appeals an order dismissing its motion for contempt against Aaron D., a juvenile adjudicated to be in need of protection and services because of habitual truancy under § 938.13(6), STATS. When Aaron continued being truant after the dispositional order, a ch. 785, STATS., contempt motion was brought. The trial court dismissed the contempt motion finding that the specific contempt provisions under ch. 938, STATS., must be followed if a court wishes to find a child in contempt. Because we conclude that the restrictions imposed by ch. 938 on the exercise of ch. 785 contempt powers are reasonable, we affirm the order.

The following facts are undisputed. On October 8, 1996, Aaron admitted to the allegations of habitual truancy, § 938.13(6), STATS., contained in a Petition for Determination of Status, Child in Need of Protection and Services (Truancy).[1] The dispositional hearing

---

[1] Section 938.13(6), STATS., provides that the juvenile court has exclusive original jurisdiction over a juvenile alleged to be in need of protection or services which can be ordered by the court, and:

Who is habitually truant from school, if evidence is provided by the school attendance officer that the activities under s. 118.16 (5) have

was conducted the same day and Aaron was placed under supervision until June 15, 1997; among the conditions imposed upon Aaron was the requirement that he attend school without any unexcused absences. At the dispositional hearing, Aaron was warned that violations of the court's order could result in a finding of contempt.

In November 1996, a ch. 785, STATS., contempt motion was filed alleging that Aaron was again truant from school between October 9 and 16, 1996. Aaron filed a motion questioning whether ch. 785 contempt procedures were available in a habitual truancy case brought under § 938.13(6), STATS. The trial court held that with the enactment of ch. 938, STATS., the contempt provisions under ch. 785 are no longer available for enforcing habitual truancy orders. The court also remarked that "the legislature needs to make some clear statement that its statutory guidelines on contempt do not preclude . . . [an] original motion for remedial contempt being brought under Chapter 785." The State appeals.[2]

The State relies upon *D.L.D. v. Circuit Court,* 110 Wis. 2d 168, 327 N.W.2d 682 (1983), for the authority of a juvenile court to use ch. 785, STATS., to proceed against habitual truants who violate a dispositional order. The State argues that in ch. 938, STATS., the

---

been completed or were not completed due to the child's absence from school as provided in s. 118.16 (5m), except as provided under s. 938.17 (2).

[2] This appeal was originally filed as a one-judge appeal pursuant to § 752.31(2)(e) and (3), STATS. Because this appeal presented an issue of statewide concern it was converted to a three-judge appeal under § 809.41(3), STATS., and the attorney general graciously accepted the invitation to file a supplementary brief.

legislature has not imposed reasonable regulations upon a court's use of inherent contempt powers to deal with habitual truants who flaunt the court's dispositional orders.

Aaron responds that § 938.355(6g), STATS., provides a specific contempt procedure that applies to him but that it can only be used for a second or subsequent violation of a condition specified in the dispositional order. He acknowledges that under the prior provisions of ch. 48, STATS., governing habitual truants, *D.L.D.* empowered courts with the authority to enforce their orders; however, he asserts that the language of § 938.355(6g) is a deliberate choice exercised by the legislature to impose reasonable regulations upon the use of contempt powers against contumacious habitual truants.

We are presented with an issue of first impression requiring the interpretation and construction of provisions of "The Juvenile Justice Code." Statutory construction involves a question of law, and we owe no deference to the juvenile court's determination. *See State v. Grayson*, 165 Wis. 2d 557, 563, 478 N.W.2d 390, 393 (Ct. App. 1991), *aff'd*, 172 Wis. 2d 156, 493 N.W.2d 23 (1992).

Effective July 1, 1996, the legislature enacted 1995 Wis. Act 77, § 629 which created ch. 938, STATS., entitled "The Juvenile Justice Code."[3] The Juvenile Code is designed to govern juveniles who are alleged to have violated a criminal law, civil law or municipal ordinance or who are alleged to be uncontrollable, dropouts or habitually truant from home or school. *See* WISCON-

---

[3] After 1995 Wis. Act 77, § 629, was passed, the legislature made several more changes to ch. 48 and ch. 938, STATS., immediately before ch. 938's July 1, 1996, effective date.

SIN LEGISLATIVE COUNCIL STAFF MEMORANDUM, ACT 77
CREATING A JUVENILE JUSTICE CODE 5 (Council Print
1995). The purpose of the new Juvenile Code is "to
promote a juvenile justice system capable of dealing
with the problem of juvenile delinquency, a system
which will protect the community, impose accountabil-
ity for violations of law and equip juvenile offenders
with competencies to live responsibly and produc-
tively." Section 938.01(2), STATS. The provisions of the
Juvenile Code are to be liberally construed to effectu-
ate these objectives. *See* § 938.01(1).

Under the Juvenile Code courts have discretion in
selecting the sanctions that can be imposed on a juve-
nile who violates a condition of a dispositional order.
Section 938.355(6), STATS., consolidates the sanctions
available:

> **(6)** SANCTIONS FOR VIOLATION OF ORDER. (a) If a
> juvenile who has been adjudged delinquent or to
> have violated a civil law or ordinance violates a
> condition specified in sub. (2)(b) 7., the court may
> impose on the juvenile any of the sanctions specified
> in par. (d) .... *Subject to sub. (6m), if a juvenile who
> has been found to be in need of protection or services
> under s. 938.13 violates a condition specified in sub.
> (2)(b) 7., the court may impose on the juvenile any of
> the sanctions specified in par. (d), other than place-
> ment in a secure detention facility or juvenile portion
> of a county jail* .... [Emphasis added.]
> ....
> (d) ... [T]he court may order any of the follow-
> ing sanctions as a consequence for any incident in
> which the juvenile has violated one or more condi-
> tions of his or her dispositional order:
> 1. Placement of the juvenile in a secure deten-
> tion facility or juvenile portion of a county jail ... for
> not more than 10 days and the provision of educa-

tional services consistent with his or her current course of study during the period of placement. . . .

2. *Suspension of or limitation on the use of the juvenile's operating privilege,* as defined under s. 340.01 (40), or of any approval issued under ch. 29 *for a period of not more than 3 years.* If the court suspends the juvenile's operating privileges or an approval issued under ch. 29, the court shall immediately take possession of the suspended license or approval and forward it to the department that issued it, together with the notice of suspension. [Emphasis added.]

3. Detention in the juvenile's home or current residence for a period of not more than 30 days under rules of supervision specified in the order. An order under this subdivision may require the juvenile to be monitored by an electronic monitoring system.

4. Not more than 25 hours of uncompensated participation in a supervised work program or other community service work under s. 938.34 (5g).

Sanctions aimed specifically at habitual truants are found in § 938.355(6m):

**(6m)** SANCTIONS FOR VIOLATION OF ORDER: HABITUAL TRUANCY. (a) If the court finds by a preponderance of the evidence that a juvenile who has been found in need of protection or services based on habitual truancy from school has violated a condition specified under sub. (2)(b) 7., the court may order as a sanction any combination of the operating privilege suspension specified in this paragraph and the dispositions specified in s. 938.342 (1)(b) to (f) and (1m), regardless of whether the disposition was imposed in the order violated by the juvenile . . . . *The court may order as a sanction suspension of the juvenile's operating privilege,* as defined under s. 340.01 (40), *for not more than one year.* If the juve-

nile does not hold a valid operator's license under ch. 343, other than an instruction permit under s. 343.07 or a restricted license under s. 343.08, on the date of the order issued under this paragraph, the court may order the suspension to begin on the date that the operator's license would otherwise be reinstated or issued after the juvenile applies and qualifies for issuance or 2 years after the date of the order issued under this paragraph, whichever occurs first. If the court suspends an operating privilege under this paragraph, the court shall immediately take possession of the suspended license and forward it to the department of transportation with a notice stating the reason for and the duration of the suspension. [Emphasis added.]

Sanctions can only be imposed after notice to the juvenile and other interested parties of the alleged violation of a condition of the dispositional order and an evidentiary hearing at which the juvenile may be represented by counsel. *See* § 938.355(6)(b) and (c), STATS.; *see also* § 938.355(6m)(b) and (c). If the court finds by a preponderance of the evidence that the juvenile violated a condition of the dispositional order, the court then can order sanctions. *See* § 938.355(6m)(a).

The Juvenile Code provides a course of action when a juvenile, subject to a dispositional order under ch. 938, STATS., repeatedly violates a condition of that order. Section 938.355(6g), STATS., provides:

(6g) CONTEMPT FOR CONTINUED VIOLATION OF ORDER. (a) If a juvenile upon whom the court has *imposed a sanction under sub. (6)(a)* commits a 2nd or subsequent violation of a condition specified in sub. (2)(b)7., the district attorney may file a petition under s. 938.12 charging the juvenile with contempt of court, as defined in s. 785.01 (1), and reciting the disposition under s. 938.34 sought to be imposed.

The district attorney may bring the motion on his or her own initiative or on the request of the court that imposed the condition specified in sub. (2)(b) 7. or that imposed the sanction under sub. (6)(a). If the district attorney brings the motion on the request of the court that imposed the condition specified in sub. (2)(b)7. or that imposed the sanction under sub. (6)(a), that court is disqualified from holding any hearing on the contempt petition. [Emphasis added.]

(b) The court may find a juvenile in contempt of court, as defined in s. 785.01(1), and order a disposition under s. 938.34 only if the court makes all of the following findings:

1. That the juvenile has previously been sanctioned under sub. (6)(a) for violating a condition specified in sub. (2)(b)7. and, subsequent to that sanction, has committed another violation of a condition specified in sub. (2)(b)7.

2. That at the sanction hearing the court explained the conditions to the juvenile and informed the juvenile of a possible finding of contempt for a violation and the possible consequences of that contempt.

3. That the violation is egregious.

4. That the court has considered less restrictive alternatives and found them to be ineffective.

The State asserts that the juvenile court erred in its legal conclusion that it was without the authority to hold Aaron in contempt for his first violation of the dispositional order. The State begins with the proposition that § 938.355(6g), STATS., is not available for use against habitual truants. The State reasons that § 938.355(6m) is the exclusive source of the juvenile court's authority to sanction habitual truants who violate a condition of a dispositional order; the State points out that § 938.355(6g) is limited in its applica-

tion to "a juvenile upon whom the court has imposed a sanction under . . . [938.355](6)(a)." The State argues that the logical conclusion is that because Aaron has been adjudged a habitual truant and in need of protection and services, the juvenile court does not have the statutory authority to hold Aaron in contempt for a second violation of the dispositional order. Relying upon language in *D.L.D.*, 110 Wis. 2d at 182, 327 N.W.2d at 689, the State argues that the legislature cannot do away with the court's authority to enforce its order and, therefore, the juvenile court can use its inherent contempt powers to enforce the dispositional order. Finally, the State insists that the sanctions contained in § 938.355(6m) should be interpreted as additional options available to a court that does not believe contempt under ch. 785, STATS., is appropriate.

We have repeatedly said that "[t]he aim of all statutory construction is to discern the intent of the legislature," *Green Bay Packaging, Inc. v. DILHR*, 72 Wis. 2d 26, 35, 240 N.W.2d 422, 428 (1976), and that a cardinal rule in interpreting statutes is to favor a construction which will fulfill the purpose of the statute over a construction which defeats the manifest object of the act, *see Student Ass'n v. Baum*, 74 Wis. 2d 283, 294–95, 246 N.W.2d 622, 627 (1976). Where one of several interpretations of a statute is possible, the court must ascertain the legislative intention from the language of the statute in relation to its scope, history, context, subject matter and the object intended to be accomplished. *See State ex rel. First Nat'l Bank & Trust Co. v. Skow*, 91 Wis. 2d 773, 779, 284 N.W.2d 74, 77 (1979).

In this appeal, the statutory provisions are all subsections of § 938.355, STATS., which deal with the same subject matter, and assist in implementing the chapter's goals and policy. For this reason we will read the statutes *in pari materia*. *See Schinner v. Schinner*, 143 Wis. 2d 81, 91, 420 N.W.2d 381, 385 (Ct. App. 1988).[4] It is our duty to construe statutes on the same subject matter in a manner that harmonizes them in order to give each full force and effect. *See County of Dane v. Racine County*, 118 Wis. 2d 494, 498, 347 N.W.2d 622, 625 (Ct. App. 1984).

The State errs in its argument that § 938.355(6m), STATS., is the sole source of the juvenile court's authority to impose sanctions on a habitual truant; and, therefore, a contempt proceeding is not a viable option because sanctions were not previously imposed under § 938.355(6)(a). The source of the juvenile court's authority to impose sanctions is located in § 938.355(6)(a) and flows from the clause, "[s]ubject to sub. (6m)." We hold that this clause does not exclude habitual truants from the sanctions in § 938.355(6)(a).

The words "subject to" have no well-defined meaning; used in their ordinary sense they mean "subordinate to," "subservient to" or "limited by." *See Englestein v. Mintz*, 177 N.E. 746, 752 (Ill. 1931).[5] "Subject to" is a term of qualification and it acquires its

---

[4] *In pari materia* refers to statutes that deal with the same subject matter or have the same common purpose. *See Georgina G. v. Terry M.*, 184 Wis. 2d 492, 512 n.13, 516 N.W.2d 678, 684 (1994).

[5] In BLACK'S LAW DICTIONARY 1425 (6th ed. 1990), "subject to" is defined as "[l]iable, subordinate, subservient, inferior, obedient to; governed or affected by; provided that; provided; answerable for."

meaning from the context in which it is used. *See Bulger v. McCourt,* 138 N.W.2d 18, 22 (Neb. 1965).

It is obvious to us that as used in § 938.355(6)(a), STATS., and in the context of the subsections of the statute, the words "[s]ubject to sub. (6m)" mean "limited or governed by sub. (6m)." A reasonable reading that gives effect to each of the subsections and implements the intent of the legislature is that all juveniles who violate a condition of a dispositional order are subject to the sanctions in § 938.355(6)(d), but the sanctions which may be imposed upon habitual truants ("a juvenile who has been found to be in need of protection and services under s. 938.13") are limited or governed by subsec. (6m). *See* § 938.355(6)(a).

There are three limitations in § 938.355(6m), STATS., upon the sanctions available in § 938.355(6)(d)2, 3 and 4, STATS.[6] The first limitation is a one-year suspension of operating privileges, *see* § 938.355(6m)(a) rather than the three-year suspension permitted in § 938.355(6)(d)2. The second limitation is that the home detention sanction for a habitual truant permits attendance at religious activities or educational programs, *see* § 938.342(1)(c), STATS., whereas home detention under § 938.355(6)(d)3 does not contain such a provision. The third limitation is that there is no stated maximum number of hours for participation in a supervised work program stated for a habitual truant in § 938.342(1)(b), whereas the maximum hours under § 938.355(6)(d)4 are twenty-five. Under subsec. (6m), the juvenile court has the discre-

---

[6] The limitations upon sanctions that may be imposed upon a habitual truant are in addition to the limitation identified in § 938.355(6)(a), STATS., prohibiting habitual truants from being placed in a secure detention facility or the juvenile portion of a county jail.

tion to impose the sanctions listed in § 938.342(1)(b)–(f) and (1m), which are not available under § 938.355(6)(a) for juveniles who have not been adjudged habitual truants.[7] These additional sanctions are the source of the other limitations upon the sanctions in § 938.355(6)(d).

The trial court was correct in holding that Aaron could not be charged with contempt of court for his first violation of the dispositional order. Aaron is subject to sanctions under § 938.355(6)(a), STATS., as limited by § 938.355(6m); therefore, the juvenile court's authority to find Aaron in contempt under ch. 758, STATS., is restricted by § 938.355(6g). Under the new Juvenile Code, a juvenile can only be charged with contempt of court, as defined in § 785.01, STATS., after committing a second or subsequent violation of a condition specified in the dispositional order. *See* § 938.355(6g).

The State argues that the juvenile court has the inherent power to hold Aaron in contempt which exists independently of ch. 938, STATS. The court's inherent contempt power "exists independently of statute because 'it is a necessary incident to the exercise of judicial power and is reasonably to be implied from the

---

[7] The additional sanctions in § 938.342(1) and (1m), STATS., include:

1. Counseling or a supervised work program or other community service work under § 938.34(5g).

2. Home detention.

3. Mandated attendance at an educational program under § 938.34(7d).

4. Revocation of a work permit under s. 103.70.

5. Placement in a teen court program.

6. Parent, guardian or legal custodian participation in counseling.

grant of such power.' " *D.L.D.*, 110 Wis. 2d at 178, 327 N.W.2d at 687 (quoted source omitted).

However, the legislature may impose reasonable limitations upon the court's inherent contempt powers. *See State ex rel. Attorney Gen. v. Circuit Court for Eau Claire County*, 97 Wis. 1, 8, 72 N.W. 193, 194 (1897). We have previously held that the contempt procedures contained in ch. 785, STATS., are reasonable regulations on the means a court uses to exercise its inherent powers. *See B.L.P. v. Circuit Court for Racine County*, 118 Wis. 2d 33, 40, 345 N.W.2d 510, 514 (Ct. App. 1984).

We conclude that limitations on the exercise of inherent contempt powers contained in § 938.355(6g), STATS., are likewise reasonable and do not unduly burden or substantially interfere with the proper function of the juvenile court. In § 938.355(6g), the legislature has not taken away the court's inherent contempt power; it has placed an insubstantial burden on the use of that power when it dictates that a court cannot resort to the use of its inherent contempt powers the first time a juvenile violates a condition of a dispositional order.

Our result is also dictated by common sense. The State argues that a habitual truant who violated a condition of a dispositional order could be charged with contempt for the first violation and be subject to the harsh remedies of ch. 785, STATS., including up to six months in secure detention or the juvenile portion of a county jail. Yet a juvenile adjudged delinquent for violating any state or federal criminal law would not be subject to the harsh remedies of ch. 785 for a first violation of a condition of the dispositional order. Com-

mon sense questions why the failure to regularly attend school calls for harsher remedies than the failure to obey a criminal law. In fact, we conclude that the legislative intent that habitual truants should not be subject to confinement for the first violation of a condition of the dispositional order is found in § 938.355(6)(a), STATS., prohibiting habitual truants from being placed in a secure detention facility or the juvenile portion of a county jail.

We cannot discern any public policy that would support the interpretation urged by the State. We believe that our interpretation fulfills the declared legislative intent to "equip juvenile offenders with competencies to live responsibly and productively," § 938.01(2), STATS.; "[t]o provide due process through which each juvenile offender . . . [is] assured fair hearings, during which constitutional and other legal rights are recognized and enforced," para. (2)(d); and "[t]o respond to a juvenile offender's needs for care and treatment, consistent with the prevention of delinquency, each juvenile's best interest and protection of the public, by allowing the judge to utilize the most effective dispositional option," para. (2)(f).

*By the Court.*—Order affirmed.