Jessica PERRA, Plaintiff-Appellant,†

PRIMECARE HEALTH PLAN, INC., Plaintiff,

v.

MENOMONEE MUTUAL INSURANCE COMPANY, Richard
Lauer and Twyla Lauer, Defendants-Respondents.

Court of Appeals

*No. 00–0184. Submitted on briefs July 31, 2000.—Decided
September 6, 2000.*

## 2000 WI App 215

(Also reported in 619 N.W.2d 123.)

†Petition to review denied.

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Robert L. Elliott* of Milwaukee.

On behalf of the defendants-respondents, the cause was submitted on the briefs of *Douglas W. Lehrer* and *Brad W. Matthiesen* of *Mohr & Anderson, S.C.* of Hartford.

Before Brown, P.J., Anderson and Snyder, JJ.

¶ 1. SNYDER, J. Jessica Perra, a minor, appeals from an order granting partial summary judgment to Richard Lauer and Twyla Lauer (Lauer) and Menomonee Mutual Insurance Company, Lauer's liability insurer. The circuit court held that a minor cannot maintain a cause of action under WIS. STAT. § 103.65 (1997–98)[1] for absolute liability when the Department of Workforce Development (DWD) has not listed the minor's employment at the time of injury as a prohibited employment pursuant to WIS. ADMIN. CODE § DWD 270.06. Perra argues on appeal that a violation of § 103.65 creates a cause of action under Wisconsin's child labor laws and an employer is absolutely liable for said violation, even if the minor's employment is not listed in § DWD 270.06 as a prohibited employment. Menomonee Mutual and Lauer argue that the list of prohibited employments contained in § DWD 270.06 provides employers with notice of all prohibited employment, and a specific violation of the directives of this list is required to find absolute liability for a violation of child labor laws. We agree with Menomonee Mutual and Lauer and affirm the circuit court's order.

---

[1] All references to the Wisconsin Statutes are to the 1997–98 version.

## BACKGROUND

¶ 2.  The facts are undisputed. On April 22, 1995, seventeen-year-old Perra was injured while working at a farm owned by Lauer. Perra was operating Lauer's cement mixer, mixing seed, when she was injured. The fingers of Perra's left hand sustained severe injury when her hand became caught in the gears of the cement mixer.

¶ 3.  Perra and her health insurer, Primecare Health Plan, Inc., initiated this action against Lauer and Menomonee Mutual on February 12, 1998, for the injuries Perra received on April 22, 1995. In the second cause of action of the amended complaint, Perra alleged a cause of action against Lauer for employing her as a minor in an employment that was dangerous or prejudicial to her life, health, safety or welfare contrary to WIS. STAT. § 103.65. During pretrial discovery presented to the court during summary judgment motions, safety experts for both sides asserted that an unguarded, in-running nip joint of the cement mixer made Perra's employment a dangerous one.

¶ 4.  After other various pretrial motions were resolved, on February 11, 1999, Menomonee Mutual and Lauer moved for partial summary judgment dismissing the amended complaint's second cause of action on the grounds that Perra's employment at the time she was injured, the operation of a cement mixer by a seventeen-year-old, was not employment prohibited by WIS. ADMIN. CODE, § DWD 270.06. After a briefing schedule and a hearing where oral arguments were presented, the circuit court ruled in favor of Menomonee Mutual and Lauer and granted partial summary judgment. The matter then proceeded to a jury trial on the negligence claim alone. The jury found Lauer negligent, but also found that this negligence

was not the cause of Perra's injuries. The circuit court then issued an order dismissing the matter on its merits. Perra appeals only the circuit court decision relating to summary judgment.

## DISCUSSION

¶ 5.    We review the circuit court's grant of summary judgment using the same methodology as the circuit court. *See City of Beaver Dam v. Cromheecke*, 222 Wis. 2d 608, 613, 587 N.W.2d 923 (Ct. App. 1998). That methodology is well known and need not be repeated here except to observe that summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to summary judgment as a matter of law. *See id.*; WIS. STAT. § 802.08(2). Because there are no material facts at issue in this case, we must determine which party is entitled to judgment as a matter of law. *See Gorton v. Hostak, Henzl & Bichler, S.C.*, 217 Wis. 2d 493, 501–02, 577 N.W.2d 617 (1998).

¶ 6.    Here, the issue presents a question of statutory and administrative rule interpretation. A question of statutory interpretation we review de novo. *See id.* at 502. Interpretation of an administrative regulation, like that of a statute, is also characterized as a question of law. *See McGarrity v. Welch Plumbing Co.*, 104 Wis. 2d 414, 419, 312 N.W.2d 37 (1981). The result of such characterization is that on review we need not defer to the decision of the circuit court, for the circuit court is in no better position to interpret the regulation than this court. *See id.*

¶ 7.    The statutes and administrative regulations at issue here, specifically WIS. STAT. §§ 103.65 and

103.66 and WIS. ADMIN. CODE § DWD 270.06, involve Wisconsin's child labor laws. Wisconsin's child labor laws were enacted to prevent minors from being employed or allowed to work in hazardous occupations and to protect minors, other employees and frequenters who could be harmed as a result of the minor's employment in the hazardous employment. *See Beard v. Lee Enters., Inc.*, 225 Wis. 2d 1, 18–19, 591 N.W.2d 156 (1999).

¶ 8.  Perra argues that while WIS. STAT. § 103.66 gives the DWD permissive authority to determine and catalog which jobs for minors are per se dangerous or hazardous, WIS. ADMIN. CODE § DWD 270.06 is not an exclusive list of prohibited employments. We disagree.

¶ 9.  The child labor laws cannot be interpreted as a series of distinct statutory and administrative provisions but must be read as one cohesive enactment. *See McGarrity*, 104 Wis. 2d at 427. WISCONSIN ADMIN. CODE § DWD 270.06 in particular cannot be read in isolation; it must be read in conjunction with WIS. STAT. §§ 103.65 and 103.66. *See McGarrity*, 104 Wis. 2d at 427. Statutes and rules that assist in implementing a chapter's goals and policies should be read *in pari materia*. *See Beard*, 225 Wis. 2d at 11 n.7. *In pari materia* refers to statutes and regulations relating to the same subject matter or having a common purpose. *See id.* The statutory construction doctrine of *in pari materia* requires a court to read, apply and construe statutes relating to the same subject matter together. *See id.* "The child labor laws are to be viewed as one cohesive enactment . . . and should be read *in pari materia*." *Id.* (citation omitted).

¶ 10. WISCONSIN STAT. § 103.65 delineates general standards for the employment of minors and states:

**(1)** A minor shall not be employed or permitted to work at any employment or in any place of employment dangerous or prejudicial to the life, health, safety, or welfare of the minor or where the employment of the minor may be dangerous or prejudicial to the life, health, safety or welfare of other employes or frequenters.

**(2)** No minor shall be employed or permitted to work at any employment for such hours of the day or week, or such days of the week, or at such periods of the day as shall be dangerous or prejudicial to the life, health, safety or welfare of such minor.

WISCONSIN STAT. § 103.66 addresses the DWD's[2] specific powers and duties relating to the employment of minors:

**(1)** The department may investigate, determine and fix reasonable classifications of employments, places of employment and minimum ages for hazardous employment for minors, and may issue general or special orders prohibiting the employment of minors in employments or places of employment prejudicial to the life, health, safety or welfare of minors, and may carry out the purposes of ss. 103.64 to 103.82. In fixing minimum ages for hazardous employment for minors under this subsection, the department shall permit the employment of a minor 14 years of age or over as a laboratory assistant for a nonprofit, community-

[2] Previously the Department of Workforce Development (DWD) was known as the Department of Industry, Labor and Human Relations (DILHR). As of May 13, 1997, DILHR was changed to DWD. *See* 1997 Wis. Act 3, §§ 151, 230.

based organization that provides educational opportunities in medically related fields if the minor is under the direct supervision of a mentor and the laboratory at which the minor is employed complies with 10 CFR 20.1207 and 29 CFR 1910.1030.

(2) The department may investigate and fix reasonable classifications of employments and hours of employment for minors and may issue general or special orders fixing maximum hours of employment for minors per day and per week, maximum days of employment per week, hours at which employment shall begin and end and the duration of lunch and other rest periods as are necessary to protect the life, health, safety, and welfare of minors.

(3) These investigations, classifications and orders provided for in subs. (1) and (2) shall be made as provided under s. 103.005.[3] These orders are subject to review as provided in ch. 227. (Footnote added.)

It is through § 103.66 that the legislature has specifically empowered the DWD to promulgate rules regulating the employment of minors. *See Beard*, 225 Wis. 2d at 19.

¶ 11. As WIS. STAT. § 103.66 allows, the DWD has established specific classifications of employments, places of employment and minimum ages for hazardous employment in WIS. ADMIN. CODE § DWD 270.06. Section DWD 270.06 precisely designates the employments and places of employment that are deemed dangerous or prejudicial to the life, health, safety and/or welfare of minors under the ages specified.[4]

---

[3] WISCONSIN STAT. § 103.005 addresses the powers, duties and jurisdiction of the DWD.

[4] WISCONSIN ADMIN. CODE § DWD 270.06 states:

Because § DWD 270.06 must be read in conjunction with § 103.66, it is clear that the employment classifications of § DWD 270.06 are fixed, i.e., exclusive and exhaustive.

■

¶ 12. We are further guided by a well-established principle of statutory construction: *expressio unius est exclusio alterius* or, in other words, the express mention of one matter excludes other similar matters not mentioned. *See State v. Cetnarowski*, 166 Wis. 2d 700, 710, 480 N.W.2d 790 (Ct. App. 1992). "[T]he enumeration of specific alternatives in a statute is evidence of legislative intent that any alternative not specifically enumerated is to be excluded." *C.A.K. v. State*, 154 Wis. 2d 612, 621, 453 N.W.2d 897 (1990).

¶ 13. WISCONSIN ADMIN. CODE § DWD 270.06 provides an extensive and meticulous inventory of employments, places of employment and minimum ages for hazardous employment. It is a thorough articulation of fixed and specific prohibited employment classifications, places of employment and minimum ages of employment. If we read § DWD 270.06 as one element of a comprehensive statutory and regulatory child labor law scheme, employing *expressio unius est exclusio alterius* as a method of statutory construction, we conclude that the DWD intended for this list of

The employments and places of employment designated herein shall be deemed to be dangerous or prejudicial to the life, health, safety, and/or welfare of minors under the ages specified, and their employment may be dangerous or prejudicial to the life, health, safety and/or welfare of other employes or frequenters and no employer shall employ or permit such minors to work in such employments.

Section DWD 270.06 then provides a detailed list of employments, places of employment and minimum ages for the hazardous employment of minors.

prohibited employments to be both exhaustive and exclusive. Both the breadth and the specificity of the subsections confirm this interpretation. An occupation must be listed in § DWD 270.06 for there to be absolute liability.

¶ 14.   We now address whether Perra's employment at the time of injury falls into one of the employment categories listed in WIS. ADMIN. CODE § DWD 270.06. Perra was employed by Lauer's farm as an agricultural employee. As to agricultural employment, § DWD 270.06 prohibits such employment to minors in the following manner:

> (22)   AGRICULTURE: (a) *Finding and declaration of facts as to specific occupations*. The following occupations in agriculture are particularly hazardous for the employment of minors 12 through 15 years of age.

It is undisputed that Perra was seventeen years old at the time of the injury, and that the agricultural employment prohibition is limited to minors from ages twelve through fifteen years.

¶ 15.   The DWD provides a rule to encompass any employment not specifically enumerated in WIS. ADMIN. CODE § DWD 270.06. This provision generally prohibits "[o]ccupations which are found to be hazardous for the employment of minors or detrimental to their health or well-being." Section DWD 270.06(33). The inclusion of subsec. (33), a catchall to include any dangerous or hazardous employment not specifically listed in § DWD 270.06, is additional evidence that the included list is intended to be exhaustive. We conclude, as did the circuit court, that agricultural employment is a specifically enumerated employment in § DWD 270.06, that Perra's agricultural employment is not prohibited

as a hazardous occupation under § DWD 270.06, and, therefore, that Perra did not state a cause of action for absolute liability under WIS. STAT. § 103.65.[5]

¶ 16.   This does not mean that a minor who is injured in an employment not listed in WIS. ADMIN. CODE § DWD 270.06 is without recourse; such a minor may still have available to him or her a cause of action for negligence. But without a specific allegation that the minor was employed in a § DWD 270.06 prohibited employment, no absolute liability exists pursuant to WIS. STAT. § 103.65.

¶ 17.   Perra's heavy reliance on *McGarrity; Beard; D.L. v. Huebner,* 110 Wis. 2d 581, 329 N.W.2d 890 (1983); and *Fire Insurance Exchange v. Cincinnati Insurance Co.,* 2000 WI App 82, 234 Wis. 2d 314, 610 N.W.2d 98, is misplaced. None of these cases squarely address the issue currently before this court. In three of these cases, *McGarrity, Beard* and *Huebner,* there was no question that a violation of WIS. STAT. § 103.65 took place, for each minor was engaging in an employment specifically prohibited by WIS. ADMIN. CODE § DWD 270.06. Reliance on *Fire Insurance Exchange* is equally misguided. In *Fire Insurance Exchange,* the minor was not working in one of the specific employments listed in § DWD 270.06 as hazardous per se. However, the circuit court failed to develop sufficient facts to determine if the injured minor fell into the

---

[5] Both Perra and Menomonee Mutual and Lauer spend a great deal of time and effort discussing the distinction between strict and absolute liability pursuant to WIS. STAT. § 103.65. It is well-established law that an employer is absolutely liable for a violation of WIS. ADMIN. CODE § DWD 270.06. But the first issue addressed should be whether there was a violation of § DWD 270.06. Without a violation, the issue of absolute liability under § 103.65 need not be addressed.

catchall category of § DWD 270.06(33), and thus the case was remanded to the circuit court for such a determination. *See Fire Ins. Exch.*, 2000 WI App 82 at ¶ 23. This is not the case in the situation at hand. Agriculture is a prohibited employment pursuant to § DWD 270.06. However, agriculture's age restrictions are limited to minors between the ages of twelve and fifteen years. Nowhere does § DWD 270.06 limit the agricultural employment of a seventeen year old.

¶ 18.   In sum, because Perra's employment at the time of her injury does not fit within any of the prohibited employments set forth in WIS. ADMIN. CODE § DWD 270.06, and because this list must be construed as an exhaustive list, she has not stated a cause of action for absolute liability under WIS. STAT. § 103.65.

## CONCLUSION

¶ 19.   We agree with Menomonee Mutual and Lauer that Perra has not stated a cause of action under WIS. STAT. § 103.65 because her employment at the time of her injury was not specifically enumerated in WIS. ADMIN. CODE § DWD 270.06. The circuit court appropriately granted Menomonee Mutual and Lauer summary judgment on this issue. The circuit court's order is hereby affirmed.

*By the Court.*—Order affirmed.