In the INTEREST OF JEREMIAH C., a person Under the Age of 18:

STATE of Wisconsin, Petitioner-Respondent,

v.

JEREMIAH C., Respondent-Appellant.
[Case No. 02–1740.]

In the INTEREST OF KATIE H., a person Under the Age of 18:

STATE of Wisconsin, Petitioner-Respondent,

v.

KATIE H., Respondent-Appellant.
[Case No. 02–2295–FT.]

Court of Appeals

*Nos. 02–1740, 02–2295–FT. Submitted on briefs November 26, 2002 (Case No. 02–2295–FT) and December 5, 2002 (Case No. 02–1740).—Decided January 22, 2003.*

2003 WI App 40

(Also reported in 659 N.W.2d 193.)

On behalf of the respondents-appellants, the cause was submitted on the briefs of *Susan E. Alesia*, assistant state public defender, Madison.

On behalf of the petitioner-respondent, the cause was submitted on the briefs of *Richard J. Barta* and *Margaret Borkin*, assistant district attorneys, and *Robert S. Flancher*, district attorney.

Before Brown, Anderson and Snyder, JJ.

¶ 1. SNYDER, J. Jeremiah C. and Katie H. appeal separately from dispositional orders, following petitions finding them juveniles in need of protection or services (JIPS) based solely on habitual truancy, that endured beyond the school term during which each reached eighteen years of age. Their appeals raise identical issues. Accordingly, we have consolidated their appeals for decision. We reverse.

## FACTS

¶ 2. On September 14, 2001, the State filed a petition alleging that Jeremiah was a juvenile in need of protection or services, based upon his habitual truancy. At the time of this petition, Jeremiah was less than four months shy of his eighteenth birthday.

¶ 3. On November 5, 2001, Jeremiah entered an admission to the petition; however, he also argued that the circuit court could not impose an order beyond his eighteenth birthday. The circuit court ordered Jeremiah to submit a written argument to support his position, which he did.

362

¶ 4. The case proceeded to disposition on December 10, 2001. Jeremiah continued to argue that the order must expire on his eighteenth birthday or in January 2002 at the end of the school semester in which he turned eighteen. The circuit court rejected that argument, holding that a "juvenile in Jeremiah's position where he's under 18 and found to be truant, and even though we're very near to his 18th birthday it can still be a one-year order with conditions as appropriate." The circuit court then imposed a six-month order that expired on June 15, 2002.

¶ 5. On December 17, 2001, the State filed a petition alleging that Katie was a juvenile in need of protection or services, based upon her habitual truancy. Katie's eighteenth birthday was June 26, 2002. Katie contested the petition; after a court trial on April 15, 2002, the trial court found that Katie was habitually truant and that she was a juvenile in need of protection or services.

¶ 6. At her May 3, 2002 disposition hearing, Katie argued that the order must expire on her eighteenth birthday, June 26, 2002. The circuit court rejected her arguments and imposed a six-month order set to expire on November 3, 2002. The court noted that Katie was going to have a baby during that six-month time period and "[t]here should be some supervision during that minimum period of time. Clearly, she'll be over 18 probably when the child is born, but under the circumstances, I think supervision is appropriate at least for that minimal period."

¶ 7. Jeremiah and Katie appeal from these orders.

## DISCUSSION

██

¶ 8. This case involves the interpretation of the statutes governing JIPS petitions and orders and com-

pulsory school attendance. Questions of statutory interpretation are questions of law and we owe no deference to the juvenile court's determination. *State v. Aaron D.*, 214 Wis. 2d 56, 60, 571 N.W.2d 399 (Ct. App. 1997).

¶ 9. The JIPS orders placing Jeremiah and Katie under supervision have expired, Jeremiah's on June 15, 2002, and Katie's on November 3, 2002, thus rendering a decision on this issue moot in these cases. An issue is moot when its resolution will have no practical effect on the underlying controversy. *State ex rel. Olson v. Litscher*, 2000 WI App 61, ¶ 3, 233 Wis. 2d 685, 608 N.W.2d 425. In other words, a moot question is one which circumstances have rendered purely academic. *Id.*

¶ 10. Generally, moot issues will not be considered on appeal. *Id.* However, there are exceptions to the rule of dismissal for mootness. *Id.* We will consider a moot point if "the issue has great public importance, a statute's constitutionality is involved, or a decision is needed to guide the trial courts." *Id.* (citation omitted). Furthermore, we take up moot questions where the issue is "likely of repetition and yet evades review" because the situation involved is one that typically is resolved before completion of the appellate process. *Id.* (citation omitted).

¶ 11. This issue will not only recur but with such short-term dispositional orders, the term of supervision will most likely expire pending appellate review. The question is thus one that repeats itself yet evades

364

review. *See id.* For these reasons, we will address the issue even though our decision will have no practical effect on these two cases.

¶ 12. Here, both Jeremiah and Katie were found to be habitually truant and neither challenges that finding. Instead, each argues that the JIPS order based upon habitual truancy must terminate at the end of the term in which the student turns eighteen years old. We agree that the plain language of the statutes mandates such a conclusion.

¶ 13. WISCONSIN STAT. § 118.16 (1999–2000)[1] addresses truancy and enforcement of school attendance; a "habitual truant" is "a pupil who is absent from school without an acceptable excuse . . . for part or all of 5 or more days on which school is held during a school semester." Under WIS. STAT. § 938.13(6), a circuit court has jurisdiction over a juvenile alleged to be in need of protection or services, which can be ordered by the court for someone who is habitually truant from school.

¶ 14. WISCONSIN STAT. § 118.15 addresses compulsory school attendance and states, in relevant part:

(1)(a) . . . any person having under control a child who is between the ages of 6 and 18 years shall cause the child to attend school regularly during the full period and hours, religious holidays excepted, that the public or private school in which the child should be enrolled is in session until the end of the school term, quarter or semester of the school year in which the child becomes 18 years of age.

A child is therefore only required to attend school until the end of the school term in which the child becomes eighteen years old.

---

[1] All references to the Wisconsin Statutes are to the 1999–2000 version unless otherwise noted.

¶ 15. By the plain language of the statutes, a juvenile cannot be found habitually truant, and thus in need of protection or services subject to the court's jurisdiction, for failing to attend school after the end of the school term in which the juvenile turns eighteen because the juvenile is not required to attend school after the end of the school term in which he or she turns eighteen. Logically, then, a JIPS order based solely on habitual truancy cannot extend past the time frame in which the juvenile is required to attend school.

¶ 16. In support of its argument to the contrary, the State relies upon WIS. STAT. § 938.355(4), which it claims applies to all orders of the circuit court, either delinquency or JIPS:

> **(4)** TERMINATION OF ORDERS. (a) Except as provided under par. (b) or s. 938.368, all orders under this section shall terminate at the end of one year unless the court specifies a shorter period of time. Except if s. 938.368 applies, extensions or revisions shall terminate at the end of one year unless the court specifies a shorter period of time. No extension under s. 938.365 of an original dispositional order may be granted for a juvenile who is subject to an order under s. 938.34(4d), (4h), (4m) or (4n) if the juvenile is 17 years of age or older when the original dispositional order terminates. Any order made before the juvenile reaches the age of majority shall be effective for a time up to one year after its entry unless the court specifies a shorter period of time.

We must note, however, that § 938.355(4)(a) was very recently amended and now reads:

> Except as provided under par. (b) or s. 938.368, an order under this section or s. 938.357 or 938.365 made before the juvenile reaches 18 years of age that places or continues the placement of the juvenile in his or her

home shall terminate at the end of one year after its entry unless the court specifies a shorter period of time or the court terminates the order sooner. Except as provided in par. (b) or s. 938.368, an order under this section or s. 938.357 or 938.365 made before the juvenile reaches 18 years of age that places or continues the placement of the juvenile in a foster home, treatment foster home, group home, or residential care center for children and youth or in the home of a relative other than a parent shall terminate when the juvenile reaches 18 years of age, at the end of one year after its entry, or, if the juvenile is a full-time student at a secondary school or its vocational or technical equivalent and is reasonably expected to complete the program before reaching 19 years of age, when the juvenile reaches 19 years of age, whichever is later, unless the court specifies a shorter period of time or the court terminates the order sooner.

2001 Wis. Act 109, § 532t. These changes became effective July 30, 2002. 2001 Wis. Act 109, § 9400.

¶ 17. All the statutes cited above deal with the same subject matter and assist in implementing the goals and policies of the Juvenile Justice Code. No matter which version of WIS. STAT. § 938.355(4) is utilized, we must read it and WIS. STAT. §§ 118.15, 118.16 and 938.13 *in pari materia. See Aaron D.*, 214 Wis. 2d at 66. *In pari materia* refers to statutes and regulations relating to the same subject matter or having a common purpose. *Perra v. Menomonee Mut. Ins. Co.*, 2000 WI App 215, ¶ 9, 239 Wis. 2d 26, 619 N.W.2d 123. The statutory construction doctrine of *in pari materia* requires a court to read, apply and construe statutes relating to the same subject matter together. *Id*. It is our duty to construe statutes on the

same subject matter in a manner that harmonizes them in order to give each full force and effect. *Aaron D.*, 214 Wis. 2d at 66.

¶ 18. A juvenile is not required to attend school past the age of eighteen; once a juvenile turns eighteen and the school term ends, he or she cannot be truant. *See* WIS. STAT. § 118.15(1)(a). Consequently, a juvenile cannot be found in need of protection or services for failing to do something that he or she is not required to do. The State's construction would lead to an absurd result, a juvenile being found in need of protection or services and under court supervision subject to sanctions, for failure to do that which he or she is not required to do, attend school after turning eighteen. A cardinal rule of statutory construction is that statutes must be construed to avoid an absurd or unreasonable result. *Williams v. City of Lake Geneva*, 2002 WI App 95, ¶ 7, 253 Wis. 2d 618, 643 N.W.2d 864. Read in conjunction with the unambiguous language of the related statutes, it is clear that a JIPS dispositional order, where the JIPS petition is based solely on habitual truancy, cannot extend past the end of the school term in which the juvenile turns eighteen years of age.

## CONCLUSION

¶ 19. A dispositional order, after a JIPS petition based solely upon habitual truancy, cannot endure beyond the school term during which the juvenile reaches eighteen years of age. We therefore reverse the orders of the circuit court holding otherwise.

*By the Court.*—Orders reversed.